WILLIAMS, V. A., Jr., Associate Judge. >
.This case arises out of an accident between an automobile owned and driven by the defendant-appellee and a motorcycle upon which the plaintiff-appellant was a passenger. The plaintiff filed her complaint in the lower court alleging that the accident was caused by the negligent and careless operation, maintenance and control of defendant’s automobile. The defendant denied these allegations, alleging that the plaintiff was barred from recovery due to her own contributory negligence. The jury found for the defendant, and the plaintiff appeals from that verdict and judgment, as well as from a subsequent judgment for costs in favor of the defendant.
The somewhat disputed facts are as follows : The plaintiff was riding on a motorcycle (in the “buddy seat”), down a two lane highway in Broward County at about 9:15 P.M. in a westerly direction. The defendant was driving his sports car in,-an easterly direction, and had a passenger. The defendant and his passenger were looking for a tavern which they knew was in a shopping center to their left, and were about to make a left turn into said shopping center. The defendant made his turn into the path of the oncoming motorcycle. .
The defendant and his passenger maintain that the defendant slowed down considerably before turning left, and the defendant claims that he made a turn signal. Neither of them saw the oncoming motorcycle, but the defendant’s passenger said that she heard the squeal of brakes and saw a dark object coming toward them without any lights on it.
The plaintiff and the driver of the motorcycle maintain that they had their lights on, and this is backed up by a witness to the accident. They admit seeing the car coming toward them, but deny that he made' any signal. They say that the defendant, without slowing, veered to- the left and into their path. This would also seem to be supported by the witness, . ,
*76 Of the appellant’s six points on appeal, only one has merit.
After closing arguments, the judge charged the jury:
. “I am granting a motion on the plea of contributory negligence and you are not to consider the question of contributory negligence on the part of the plaintiff at all. Being a passenger on the vehicle, the negligence, if any, of the operator of the motorcycle is not imputable to her in this particular case. However, I want you to listen very carefully to these instructions that I give you because I must give another instruction based upon this question, not of contributory negligence, but of negligence.”
Later in his charge, the judge said,
“As I mentioned a moment ago that the Plaintiff here, as such, is not chargeable with any negligence of the driver of her motorcycle except, if you find that there is evidence in this case that the accident, which is the subject matter of this law suit, was caused solely by the negligence of another person, not a party to the action, then, in that event, the Plaintiff cannot recover in this suit and your verdict should be for the Defendant. (Emphasis supplied.)
“Before you can consider any question of damages for the Plaintiff you must find, first:
“That her injuries were caused solely by the negligent act of the Defendant and that they were a direct and proximate contributing cause to the injuries sustained and damages claimed. You must find that first. (Emphasis supplied.)
“If you arrive at that conclusion, then you may proceed further to the question of damages.
“The court charges you gentlemen that if you find that the Plaintiff was injured as a direct and proximate result of the negligence, if any, on the part of the Defendant, then it is your duty to determine the amount of damages she sustained, if any, as a result of these injuries.”
Taking the charges as a whole, together with the facts of the case, it would appear the court removed from the jury’s consideration the issue of contributory negligence by so stating in the opening part of the charge. However, when reference is made by the court to, “ * * * except if you find that there is evidence in the case * * * ” in the second quoted paragraph of the charge, and in the fourth quoted paragraph, the instruction that the jury, before they could consider any question of damages for the Plaintiff, must first find, “ * * * that her injuries were caused solely by the negligent act of the Defendant * * * ”, causes us to believe the jury was unintentionally mislead by the court.
In the first instance, the court intended to say, “If you find from the evidence,” rather than, “ * * * if you find that there is evidence. * * * ”
In the second instance, what the court undoubtedly meant to say was, “If you find from your consideration of all the evidence that the Defendant was negligent as charged by the Plaintiff and that this negligence was a proximate cause of injury to the Plaintiff, you should then consider the question of damages to the Plaintiff.” Later in the charge in somewhat similar language, the court did this.
Neither of these slips of the tongue would be of much moment standing alone. Here, they do not stand alone.
After the jury deliberated for nearly one hour, they returned to the courtroom where the following colloquy occurred:
“THE COURT: I understand you have a question, gentlemen. Who is your spokesman?
“JUROR NO. 6: I am, sir.
*77 "THE COURT: All right, sir.
“JUROR NO. 6: We would like to know if it would be possible to find both equally responsible for this wreck ?
“THE COURT: No, sir. You have to find one or the other.
JUROR NO. 6: Find one way or the other?
“THE COURT: Yes, sir. You can’t find them both responsible.
“JUROR NO. 6: In other words, we have to find one way or the other.
THE COURT: That’s right. Just a moment. You see, the negligence of the driver of the motor vehicle is not imputable to the passenger on it. Do you understand that ?
“JUROR NO. 6: Sir?
■“THE COURT: His negligence has nothing to do with her. The only way you can find that, is if he is the •sole cause of the accident, then she would not be able to recover.
“JUROR NO. 6: All right.”
Immediately after the jury retired again, plaintiff’s counsel objected to the remarks of the court to the jury.
From the colloquy between the judge and juror, taken together with the other quoted portions of the charge, it appears obvious to us the jury was unintentionally lead by the judge to believe they could not find both the plaintiff’s driver and the defendant at fault and still return a verdict for the plaintiff. Such is not the law and it would be insulting to the manifest intelligence of the trial judge to quote any. This is merely one of those occasions when we nisi prius judges become trapped.
This cause is reversed and remanded for a new trial.
SMITH, C. J., and ANDREWS, J., concur.